HENRY WISNER *et al.* V. RACHEL BIAS.

DEMURRER *to Plaintiff's Evidence, When Sustained.* Where the evidence of the plaintiff does not support the allegations in her petition, and a demurrer is presented to such evidence by the defendant, such demurrer should be sustained; and if overruled, is error.

*Error from Sedgwick District Court.*

THE case is stated in the opinion. Judgment for plaintiff *Bias*, at the February term, 1887. The defendants bring the case here.

*Chester I. Long*, for plaintiffs in error.
*Denton & Jones*, for defendant in error.

Opinion by STRANG, C.: This action was brought by Rachel Bias, plaintiff below, before a justice of the peace of Barber county, to recover damages for the conversion, by the defendants below, of certain personal property alleged to belong to the plaintiff below. No answer was required, and none filed. Trial before the justice resulted in a judgment in favor of the plaintiff for $25. Defendants appealed to the district court, and afterward the case was sent on a change of venue to Sedgwick county for trial, and tried before the court and jury, resulting in a judgment for the plaintiff for $50 and costs. The defendants demurred to the evidence of the plaintiff on the trial of the case in the district court, which demurrer was overruled, and the ruling excepted to. Motion for a new trial was made and overruled, and the ruling excepted to; and the plaintiffs in error bring the case here, and allege that the court erred — first, in not sustaining the demurrer to the evidence of the plaintiff below; second, in overruling their motion for a new trial; third, in rendering judgment for the plaintiff and against the defendants, on the verdict of the jury; and fourth, in rendering judgment against the defendants for costs.

August 20, 1884, Henry Wisner, plaintiff in error, sold to Hattie J. Bias the improvements, without specifying them, on a certain quarter-section of land in Barber county, Kansas. She preëmpted said land, and after making final proof thereon in May, 1885, sold the land with all the improvements, without specifying them, to her mother, Rachel Bias, defendant herein. At the time Hattie J. Bias purchased the improvements on said land and preëmpted the same, it was not known just where the line between that quarter and the quarter adjoining it on the east, then owned and occupied by the plaintiffs in error, was. There were some improvements, consisting of a claim-house, some breaking and a wire fence on the west

side of said piece of land. Prior to this time the defendants below had made certain improvements on the west side of their quarter-section adjoining the land of plaintiff below on the east, and near the line, consisting of a barn, sheep-house, stock corral, board fence and wire fence, which were used by them to shelter and secure their stock. In the spring of 1885, the husband of Rachel Bias procured one Skinner to locate the line between the land of his wife and the land of the plaintiffs in error. Skinner's survey located the line much further east than either of the parties had supposed it was, and east of the sheep-house, stock corral, board fence and wire fence built and occupied by the plaintiffs. Soon after, Wisners moved those improvements further over on their land. Mrs. Bias then brought this suit to recover damages for the taking and conversion of the sheep-house, stock corral, board fence and wire fence, basing her ownership of that property on the fact that she had purchased the improvements upon her quarter, and the further fact that Skinner's survey located those improvements upon her land.

To recover, the plaintiff below was required to establish affirmatively her title to the property alleged to have been converted. This we think she failed to do. It is evident from the evidence introduced by the plaintiff, that at the time Hattie J. Bias purchased the improvements on the land she afterward sold to her mother, Wisner had no intention of selling her the improvements in question, and equally evident that she had no idea that she was buying them, and that she never did suppose they belonged to her or her mother until after the Skinner survey. The proof by the plaintiff below of her ownership in the property alleged to have been converted consists entirely in the fact that she purchased of Wisner the improvements on the land, and that the Skinner survey showed these improvements to be on her land.

Skinner was not the county surveyor, nor one of his deputies, nor did he make his survey under any agreement between Wisners and Mrs. Bias for the location of the line between their lands; and besides, there was no proper evidence of any

survey by Skinner. The Skinner survey settled nothing as to the location of the line between the lands of the parties, and therefore settled nothing as to the ownership of the property in dispute. That being true, there was no evidence to support the claim of ownership by the plaintiff below to the property said to have been converted, and the demurrer of the defendants below to the evidence should have been sustained. The overruling of said demurrer, therefore, was error. We think it unnecessary to notice the other errors.

It is recommended that the judgment of the district court be reversed, and the case remanded for further trial.

By the Court: It is so ordered.

All the Justices concurring.